# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**PHILLIP SIMPSON,**

      **Petitioner,**

v.

**WARDEN, Noble Correctional Institution,**

      **Respondent.**

**CASE NO. 2:06-cv-367**
**JUDGE FROST**
**MAGISTRATE JUDGE ABEL**

### ORDER and
### REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on the instant petition, respondent's return of writ, petitioner's traverse, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** as untimely under 28 U.S.C. §2244(d). Petitioner's October 20, 2006, petition for a writ of mandamus, Doc. No. 8, in which he requests a ruling on this federal habeas corpus petition because he expects to be released from incarceration in the near future, is **DENIED**.

### I. PROCEDURAL HISTORY

Petitioner Paul Simpson was indicted by the 2002 term of the Guernsey County grand jury on improperly discharging a firearm at or into a habitation or school, in violation of O.R.C. §2923.16(A), and felonious assault, in violation of O.R.C. §2903.11, with firearm specifications. Exhibit 1 to Return of Writ. While represented by counsel, on December 12, 2002, petitioner pleaded no contest to improperly discharging a firearm at or into a habitation or school with a firearm specification. Exhibit 6 to Return of Writ. On January 14, 2003, petitioner was sentenced to an aggregate term of five years incarceration. Exhibit 8 to Return of Writ. Petitioner did not file an

appeal. On August 16, 2004, he filed a *pro se* petition for post conviction relief. Exhibit 9 to Return of Writ. On October 26, 2004, the trial court denied the petition. Exhibit 13 to Return of Writ. Petitioner filed a timely appeal Exhibit 14 to Return of Writ. On December 20, 2005, the appellate court affirmed the trial court's dismissal of petitioner's post conviction petition. Exhibit 18 to Return of Writ. On April 26, 2006, the Ohio Supreme Court denied leave to appeal and dismissed petitioner's appeal. Exhibit 20 to Return of Writ. Thereafter, on January 19, 2006, petitioner filed a motion for delayed appeal pursuant to Ohio Appellate Rule 5(A). Exhibits 21 and 22 to Return of Writ. On March 10, 2006, the state appellate court denied petitioner's motion for delayed appeal for failure to show good cause for the untimely filing. Exhibit 24 to Return of Writ. On August 2, 2006,[1] the Ohio Supreme Court dismissed petitioner's subsequent appeal.

On May 17, 2006, petitioner Simpson filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. He alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following grounds:

> 1. Denial of right to appeal.
>
> My counsel refused to file an appeal and then when I filed one after [the] denial of my post conviction [petition], I was deprived [of] an appeal....
>
> 2. Denial of effective counsel.
>
> For rejecting and not arguing my innocence or conflict of prosecution and fair trial.

---

[1] The Magistrate Judge is unable to determine the date that the Ohio Supreme Court dismissed petitioner's appeal from the record before this Court, as Exhibit 27 to the Return of Writ, referred to by respondent, appears to be the Ohio Supreme Court's April 26, 2006, dismissal of petitioner's post conviction appeal; however, respondent states that the Ohio Supreme Court dismissed petitioner's appeal on August 2, 2006. *Return of Writ*, at 5.

2

3. Cruel and unusual punishment on an innocent man.

I am innocent and am the true victim.

4. Lack of evidence.

I was indicted for... a gun, but I am innocent and the State never had a gun to convict or indict me.

It is the position of the respondent that this action is untimely and must be dismissed under 28 U.S.C. §2244(d).

## II. STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 imposed a one-year statute of limitations on the filing of federal habeas corpus petitions. 28 U.S.C. §2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner's conviction became final on February 14, 2003, when the 30-day time period to file an appeal to the state appellate court expired. *Searcy v. Carter,* 246 F.3d 515, 518-19 (6 Cir.2001); *Marcum v. Lazaroff,* 301 F.3d 480, 481 (6 Cir.2002); Ohio App.R. 4(A). thirty days after he was sentenced on January 14, 2003, The statute of limitations expired one year later, on February 14, 2004. Neither petitioner's August 16, 2004, petition for post conviction relief, nor his January 19, 2006, motion for delayed appeal tolled the running of the statute of limitations, since both were filed months after the statute of limitations had already expired. "The tolling provision does not ⋯ 'revive' the limitations period ( *i.e.,* restart the clock at zero); it can only serve to pause a clock that has not yet fully run ." *Vroman v. Brigano, supra*, 346 F.3d at 601, citing *Rashid v. Khulmann,* 991 F.Supp. 254, 259 (S.D.N.Y.1998); *Winkfield v. Bagley,* 66 Fed.Appx. 578, unpublished, 2003 WL 21259699 (6th Cir. May 28, 2003)(same). Further, petitioner has failed to allege any extraordinary circumstances that would justify equitable tolling of the statute of limitations. *King v. Bell,* 378 F.3d 550, 553 (6th Cir.2004) (citations omitted).

Simpson does allege that he is actually innocent of the charges against him and the victim of a manifest miscarriage of justice. *See Petition; Traverse*. A credible showing of actual innocence may justify equitable tolling of the statute of limitations. *Souter v. Jones*, 395 F.3d 577 (6th Cir. 2005).

> To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." [FN5] *Id.* at 327, 115 S.Ct. 851. The Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States,* 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical

> evidence-that was not presented at trial." *Schlup,* 513 U.S. at 324, 115 S.Ct. 851. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.' " *Id.* at 321, 115 S.Ct. 851.

*Id.*, at 589-90. Petitioner has not met this standard here. Indeed, Simpson stated at sentencing:

> I'd just like to say that I'm sorry. I know I was wrong for getting the gun, but I never did try to hit Charlie... I know I was wrong, but I never tried to hit him.
>
> \*\*\*
>
> I knew I was wrong for shooting the house, but I never did try to hit Charlie and I'm just sorry that it happened.

*Transcript*, January 14, 2003, at 22-23. He cannot now claim actual innocence.

Petitioner also alleges that he was denied his right to appeal because his attorney refused to file the appeal.

> The limitations provision set forth in 28 U.S.C. § 2244(d)(1)(B) has been found to apply in cases where the petitioner has alleged facts indicating his counsel on appeal was ineffective in perfecting or pursuing an appeal and such ineffectiveness actually prevented petitioner from filing a timely habeas petition. *See, e.g., Waldron v. Jackson,* 348 F.Supp.2d 877, 882-86 (N.D.Ohio 2004); *cf. Winkfield v. Bagley,* 66 Fed.Appx. 578, 582-83 (6th Cir. May 28, 2003) (not published in Federal Reporter), *cert. denied,* 540 U.S. 969 (2003); *Dean v. Pitcher,* No. Civ. 02-71203-DT, 2002 WL 31875460, at \*3 (E.D.Mich. Nov. 7, 2002) (unpublished); *Collier v. Dretke,* No. 3:03-CV-2744-L, 2004 WL 1585903, at \*2 (N.D.Tex. July 13, 2004) (unpublished *Report & Recommendation*), adopted, 2004 WL 1944030 (N.D.Tex. Aug. 31, 2004); *Felton v. Cockrell,* No. 3:03-CV-0764-L, 2003 WL 21946862, at \*3 (N.D.Tex. Aug. 13, 2003) (unpublished *Report & Recommendation*). *But cf. Dunker v. Bissonnette,* 154 F.Supp.2d 95, 105 (D.Mass.2001) (rejecting argument that the petitioner's court appointed attorney was a "state actor" under §2244(d)(1)(B)).

*Merriweather v. Brunsman*, 2006 WL 1698825 (S.D. Ohio June 20, 2006): *see also Waldron v. Jackson,* 348 F.Supp.2d 877 (N.D.Ohio 2004). Similarly, where a defendant was not advised of his

5

right to appeal at the time of his guilty plea, the statute of limitations may not begin to run under 28 U.S.C. §2244(d)(1)(D), until the petitioner, acting with due diligence, could have discovered of his right to appeal. *DiCenzi v. Rose*, 452 F.3d 465, 469-71(6th Cir. 2006)(citations omitted). Petitioner does not allege facts that, if proven, would demonstrate that either of these exceptions apply.

Petitioner was sentenced pursuant to the terms of a negotiated plea. At the time of his no contest plea, the trial court explicitly advised petitioner, *inter alia*, that the prosecutor would be recommending five years incarceration. *Transcript*, December 12, 2002, at 4. Petitioner stated that he understood and that he had no questions. *Id*., at 6-7. Although the transcript of petitioner's no contest plea and sentencing do not indicate that the trial court advised petitioner of his right to appeal, petitioner signed a written plea form indicating that he understood his appellate rights and that he must file an appeal within thirty days. Exhibit 6 to Return of Writ.

> I understand the nature of these charges and the possible defense I might have. I am satisfied with my attorney's advice and competence. I am not under the influence of drugs or alcohol. No threats have been made to me. No promises have been made except as part of his plea agreement except as part of this plea agreement state entirely as follows:
>
> The State recommends at the sentencing that the court sentence the defendant to 3 years on ct. one firearm specification to run consecutive to a minimum two (2) year sentence on the improperly discharging a firearm into a habitation for a total of 5 years. The State will not oppose a request for judicial release after 4 four years.
> \*\*
>
> I understand my right to appeal a maximum sentence, my other limited appellate rights and that any appeal must be filed within 30 days of my sentence.

Exhibit 6 to Return of Writ. Petitioner stated at the time of his no contest plea that he had read and reviewed the plea form before to signing it. *Transcript*, December 12, 2002, at 7. Still, petitioner

6

waited until January 2006, approximately three years after he was sentenced and after pursuing post conviction proceedings, before seeking a delayed appeal in the state appellate court. Additionally, in his motion for delayed appeal, as grounds for his untimely appeal, petitioner did not indicate as he does here, that he had requested his attorney to file the appeal and that his attorney refused to do so. Instead, petitioner alleged that his appeal was untimely because he did not know about and was not advised of his right to appeal. *See* Exhibit 22 to Return of Writ. Thus, petitioner's allegation now that his attorney refused to file the appeal is simply not credible.

In sum, the Magistrate Judge concludes that the statute of limitations expired February 14, 2004. Petitioner did not execute the instant habeas corpus petition until May 8, 2006; the petition was not filed until May 17, 2006. Therefore, for all of the foregoing reasons, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** as barred by the one-year statute of limitations under 28 U.S.C. §2244(d).

If any party objects to this *Report and Recommendation,* that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed *findings or recommendations to which objection is made, together with supporting authority for the* objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation*

*de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                                                    s/Mark R. Abel
                                                    United States Magistrate Judge